RENDERED:  FEBRUARY 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0484-MR

ROBERT FRAZIER                                                          APPELLANT

APPEAL FROM FULTON CIRCUIT COURT
v.         HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 21-CR-00077

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND EASTON, JUDGES.

EASTON, JUDGE:  The trial court entered a judgment against the Appellant (Frazier) upon his guilty plea to various charges, including trafficking in marijuana.  As part of the sentencing, the trial court imposed jail fees of $320 for the sixteen days Frazier had been in the Fulton County Detention Center.  Frazier appeals the imposition of the jail fees.  Because the record does not contain required evidence for the imposition of such fees, we vacate and remand.

This Court has reviewed the sentencing hearing on February 24, 2022. The trial court orally imposed the jail fees during that hearing. The trial court then entered a written order imposing the jail fees. Any error in the imposition of the jail fees was not preserved by a simultaneous objection to the fees at the time of sentencing. "Nonetheless, since sentencing is jurisdictional it cannot be waived by failure to object. Thus, sentencing issues may be raised for the first time on appeal[.]" *Travis v. Commonwealth*, 327 S.W.3d 456, 459 (Ky. 2010) (internal quotation marks and citations omitted). Frazier then requests palpable error review. RCr[1] 10.26.

The trial court judge did not have the benefit of the Kentucky Supreme Court's decision in *Capstraw v. Commonwealth*, 641 S.W.3d 148 (Ky. 2022), which was rendered on the same day as the sentencing in this case. The Supreme Court in *Capstraw* established that the imposition of jail fees pursuant to KRS[2] 441.265(2)(a) requires evidence of the fees policy enacted by the county to be presented at the sentencing hearing.

The Kentucky Supreme Court followed *Capstraw* with the unpublished decision in *Williams v. Commonwealth*, No. 2021-SC-0493-MR, 2022

---

[1] Kentucky Rules of Criminal Procedure.

[2] Kentucky Revised Statutes.

WL 12211935 (Ky. Oct. 20, 2022). In *Williams*, the same trial court judge[3] in *Capstraw* had tried to address the concern about evidence of the jail fees policy by taking judicial notice of the policy as noted in the judgment imposing the fees. The Supreme Court found this insufficient yet recognized the ruling as a "highly technical" application of the rule announced in *Capstraw*. *Williams*, 2022 WL 12211935, at *2.

The Supreme Court in *Williams* did not determine the taking of judicial notice was not permitted for this purpose. Rather, if that manner of admitting evidence is chosen, an opportunity to object to judicial notice must be provided. KRE[4] 201(e). We note the Commonwealth asks this Court to take judicial notice of the policy enacted by Fulton County. We decline to do so. The question of required evidence should be first addressed by the trial court.

We recognize the rules of evidence, which would include the rule for judicial notice, do not apply to a sentencing hearing. KRE 1101(d)(5). We then take from the *Capstraw* and *Williams* decisions a requirement that some evidence of the enacted county policy must be provided on the record. Similarly, a good practice could include providing evidence for the number of days or other expenses for which reimbursement may be ordered.

---

[3] The author of this Opinion is the same former Hardin Circuit Court judge.

[4] Kentucky Rules of Evidence.

This issue of jail fees should not become a burden for sentencing hearings. Calling witnesses to establish jail fees ordinances and fees incurred is not necessary. Upon remand, it should suffice for the record to include a copy of the policy with a print-out of the jail fees claimed by the county. A practice could be instituted to create a standard submission by the Commonwealth (perhaps with the county preparing it as they seek the collection of the fees) for the sentencing record. Regardless of how the trial court decides to address the issue, this Court has no choice but to vacate and remand the imposition of the fees under our Supreme Court's recent decisions.

The order of the Fulton Circuit Court imposing jail fees is VACATED and REMANDED for proceedings consistent with this Opinion.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Steven J. Buck | Daniel Cameron |
| Frankfort, Kentucky | Attorney General of Kentucky |
| | Perry T. Ryan |
| | Assistant Attorney General |
| | Frankfort, Kentucky |